# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **COREY D. ROBINSON,** | ) |
| **PLAINTIFF,** | ) CASE NO. 2:21-cv-02046-RMG |
| **V.** | ) |
| **NORFOLK SOUTHERN CORPORATION,** | ) |
| **DEFENDANT.** | ) |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Norfolk Southern Corporation ("Norfolk Southern" or "Defendant") files this Notice of Removal of the above-captioned matter from the Court of Common Pleas for Charleston County, South Carolina, to the United States District Court for the District of South Carolina, Charleston Division.

In support of this Notice of Removal, Defendant states as follows:

1. This case arises out of Plaintiff, Corey Robinson's ("Robinson" or "Plaintiff"), prior employment with Norfolk Southern. On April 15, 2021, Plaintiff filed this civil action, Case No. 2021-CP-1001724, captioned *Corey D. Robinson v. Norfolk Southern Corporation* in the Court of Common Pleas for Charleston County, South Carolina.

2. Thereafter, on June 11, 2021 Plaintiff served his Complaint on Defendant's registered agent. True and correct copies of the Summons and Complaint filed and served in the state court action are attached hereto as **Exhibit A** to this Notice of Removal, in conformity with 28 U.S.C. § 1446(a), and incorporated herein by reference.

3. The Summons and Complaint constitute all of the pleadings that have been served upon Defendant in this action. Defendant has filed no pleadings with the Charleston County Court of Common Pleas.

4. This Notice is submitted within thirty days of Defendant's receipt of service. Simultaneous with this filing, Defendant will notify the Charleston County Court of Common Pleas of its removal of this action. A copy of the Notice that will be filed with the Clerk of the Court of Common Pleas and served upon Plaintiff is attached hereto as **Exhibit B.**

## JURISDICTION AND VENUE

5. Venue is proper in this Court in that this is the court of the district embracing the place where the action is pending in state court, as this case was originally filed in Charleston County, South Carolina. *See* 28 U.S.C. § 1441(a), 28 U.S.C. 121(7), 1446(a); *see also* Local Civ. Rule 3.01(A) (D.S.C.).

6. Venue is proper in this Court because some of the events or omissions alleged in the Complaint occurred in Charleston County, South Carolina. *See* 28 U.S.C. §§ 121(2), 1446(a).

7. This Court has original jurisdiction over the current civil action pursuant to 28 U.S.C. section 1332(a)(1). Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

8. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed. 28 U.S.C. §1441(b).

9. For purposes of removal and federal jurisdiction, a corporation is considered a "citizen" of the state where it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005). As represented in Paragraph 1 of his Complaint, Plaintiff is a resident and citizen of South Carolina.

10. Defendant is a Virginia corporation with its principal place of business in Virginia, and is thus a citizen of the State of Virginia.

11. In his Complaint, Plaintiff asserts a single claim of wrongful discharge in violation of public policy under South Carolina common law. Plaintiff's Complaint does not identify the specific amount of damages that he seeks to recover, but states that he seeks to recover "compensatory damages," "prejudgment interest, costs, and attorneys' fees," "past wages and any other work benefits," and "actual damages, punitive damages, legal fees, costs, and []other relief". Compl. at p. 2-3 ("Prayer for Relief").

12. The Defendant carries the burden to show that Plaintiff seeks relief in excess of the jurisdictional amount on notice of removal. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148 (4th Cir. 1994). The Supreme Court has held that Defendant's removal notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014). Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id*. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.*

13. Courts have likewise held that the $75,000 amount in controversy requirement will go unsatisfied only when it "appear[s] to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount." *See Woodward v. Newcourt Commercial Fin. Corp.,* 60 F. Supp. 2d 530, 531 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

14. Where the Plaintiff fails to state a definite demand amount, courts may look to a "reasonable interpretation" of the value of relief sought. *Covington v. Syngenta Corp.*, 225 F. Supp. 3d 384, 390 (D.S.C. 2016).

7572858v.1

15. Defendant has met its burden of establishing that the amount in controversy in the instant case is well in excess of $75,000. Plaintiff seeks to recover damages for lost wages and benefits, presumably dating back to October 4, 2019, the date on which he alleges his employment was terminated, and for punitive and other damages.

16. For the 2019 year, Plaintiff's earnings were in excess of $125,000. In each of the two years prior to his separation year (2017 and 2018), Plaintiff earned more than $75,000 in wages, in addition to various employment benefits. Thus, a "reasonable interpretation" of Plaintiff's alleged lost wages alone will exceed $75,000. Accordingly, his alleged back wages, in conjunction with the alleged actual damages, compensatory, and punitive damages, clearly exceed the amount in controversy requirement for this Court to exercise diversity jurisdiction.

17. Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant removes this action from the Charleston County Court of Common Pleas to the United States District Court for the District of South Carolina, Charleston Division.

*Jill A. Evert*
Jill A. Evert
SC Bar No. 103891
CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
84 Peachtree Road, Suite 230
Asheville, NC  28803
Telephone: (828) 575-5816
jevert@constangy.com

7572858v.1

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this **DEFENDANT'S NOTICE OF REMOVAL** with the Clerk of the Court using the court's electronic filing system which will send notification of such filing to all registered parties and I hereby certify that I have mailed by United States Postal Service the document to the following:

Emily Hanewicz Tong
8086 Rivers Ave, Suite A
North Charleston, SC 29406
ehtong@wiggerlawfirm.com

This the 9th day of July, 2021.

*s/Jill A. Evert*
Jill A. Evert

7572858v.1