# EXHIBIT A



# Service of Process Transmittal

06/11/2021
CT Log Number 539713671

**TO:** Joseph Carpenter
Norfolk Southern Corporation
THREE COMMERCIAL PLACE
NORFOLK, VA 23510-2191

**RE:** Process Served in South Carolina

**FOR:** Norfolk Southern Corporation  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Corey D. Robinson, PLTF. vs. Norfolk Southern Corporation, DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CP1001724 |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/11/2021 postmarked on 06/09/2021 |
| **JURISDICTION SERVED :** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/11/2021, Expected Purge Date: 06/16/2021 |
| | Image SOP |
| | Email Notification,  Joseph Carpenter  joseph.carpenter@nscorp.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / GS

# Wigger Law Firm, Inc.

ATTORNEYS AT LAW

8086 Rivers Avenue, Suite A
North Charleston, SC 29406



7018 0680 0000 8418 6155

Certified Mail - Return Receipt – Restricted Delivery
Norfolk Southern Corporation
CT Corporation System, Registered Agent
2 Office Park Court, Suite 103
Columbia, South Carolina 29223

29223-594828

# Wigger Law Firm, Inc.

ATTORNEYS AT LAW

JARREL L. WIGGER*
BRICE E. RICKER
EMILY H. TONG

TIFFANY A. PALMER
EKTA PATEL

*Board Certified Civil Trial Specialist
By National Board of Trial Advocacy

8086 Rivers Avenue, Suite A
North Charleston, SC 29406

(843) 553-9800
(843) 203-1496 Fax

Summerville
(843) 851-9900

West Ashley
(843) 203-1500

June 9, 2021

**Certified Mail - Return Receipt – Restricted Delivery**
Norfolk Southern Corporation
CT Corporation System, Registered Agent
2 Office Park Court, Suite 103
Columbia, South Carolina 29223

      RE:    **Corey D. Robinson v. Norfolk Southern Corporation**
                **Case No. 2021-CP-10-01724**

Dear Sir or Madam:

Enclosed please find for service upon you as the Registered Agent for the Defendant, the Summons and Complaint regarding the above-referenced matter.

Should you have any questions, please don't hesitate to call. Thank you for your attention to this matter.

Sincerely,

Jennifer Gravelle
Paralegal for Emily Hanewicz Tong

/jdg
Enclosures

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON | ) IN THE COURT OF COMMON PLEAS<br>) CASE NO.: 2021-CP-10-_____<br>) |
| Corey D. Robinson,<br>   Plaintiff, | )<br>)<br>) |
| v.<br>Norfolk Southern Corporation,<br>   Defendant. | )          **SUMMONS**<br>)<br>) |

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at her office, 8086 Rivers Avenue, Suite A, North Charleston, South Carolina 29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

                                                      Respectfully submitted,

                                                      **WIGGER LAW FIRM, INC.**

                                                      *s/Emily Hanewicz Tong*
                                                      Emily Hanewicz Tong, Esq.
                                                      SC Bar No.: 102042
                                                      *Attorney for Plaintiff*
                                                      8086 Rivers Avenue, Ste A
                                                      North Charleston, SC 29406
                                                      T: (843) 553-9800
                                                      F: (843) 553-1648
                                                      E: ehtong@wiggerlawfirm.com

North Charleston, South Carolina
This 15th day of April, 2021.

1

ELECTRONICALLY FILED - 2021 Apr 15 10:44 AM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001724

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF CHARLESTON ) <br> ) <br> Corey D. Robinson, ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Norfolk Southern Corporation, ) <br>    Defendant. ) | IN THE COURT OF COMMON PLEAS <br> CASE NO.: 2021-CP-10-____ <br><br><br><br><br> **COMPLAINT** <br> **JURY TRIAL REQUESTED** |

The Plaintiff, complaining of the Defendant, alleges as follows:

ONE: Plaintiff Corey D. Robinson is a citizen and resident of Charleston County, South Carolina.

TWO: Defendant Norfolk Southern Corporation, upon information and belief, is a foreign corporation organized under the laws of Virginia, operates by virtue of laws of the State of South Carolina, and at all times herein operated as a business within the State of South Carolina and the County of Charleston.

THREE: In or around March of 1997, the Plaintiff and the Defendant entered into an employment relationship whereby the Defendant employed the Plaintiff to begin work as a Locomotive Engineer at that time for an indefinite term.

FOUR: At all times, Plaintiff was effective and efficient in his work.

FIVE: Prior to and in July of 2019, Defendant corporation was a party to an exclusive transport agreement wherein Defendant agreed to ship only BMWs from its manufacturing plant in Greer, South Carolina to the Charleston port.

SIX: Upon information and belief, as essential terms of this contract, Defendant was to provide direct routes from Greer to Charleston (with no intermittent stops) and to transport no product other than the aforementioned BMWs.

SEVEN: During the course of Plaintiff's employment (particularly, beginning in or around 2019), Plaintiff observed his Terminal Superintendent arranging for shipments of large rocks to be delivered to Banks Construction and Vulcan Materials companies.

EIGHT: The shipment of these materials added another 30 to 36 train cars, or approximately an additional 8,000 tons of freight to each load.

NINE: This extra tonnage created an extremely dangerous hazard, and significantly increased chances of a derailment and other potential failures.

2

ELECTRONICALLY FILED - 2021 Apr 15 10:44 AM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001724

TEN: As the Locomotive Engineer, Plaintiff was forced to operate these unsafe trains, in violation of 49 U.S.C. §20701 and other state and federal laws.

ELEVEN: In or about July of 2019, Plaintiff was confronted by a railroad official who asked him questions pertaining to the rock shipments. Because he was under an obligation to honestly disclose safety-related train concerns, Plaintiff complied.

TWELVE: Shortly thereafter, Plaintiff's Terminal Superintendent was informed as to Plaintiff's disclosure and began targeting Plaintiff in an attempt to terminate his employment.

THIRTEEN: In August of 2019, Plaintiff was charged with a "violation" resulting from an improper track clearance – an incident for which he had no control. The Conductor, who ultimately had the responsibility for ensuring proper track clearance, left on vacation following the incident and later returned to work with no repercussions.

FOURTEEN: The Plaintiff was terminated on or about October 4, 2019 in retaliation for honestly and properly disclosing the condition of past freight shipments and for failing to continue to engage in railway violations. Any stated reasons for Plaintiff's termination are pretextual in nature.

## FOR A FIRST CAUSE OF ACTION
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

FIFTEEN: Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

SIXTEEN: That the unjust wrongful discharge and termination of Plaintiff's employment from Defendant company were the response of the Defendant, its agents and servants, to Plaintiff's refusal to allow improper and illegal practices to occur within the business.

SEVENTEEN: That the aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature.

EIGHTEEN: That the aforesaid discharge of Plaintiff's employment by the Defendant, its agent and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina.

NINETEEN: That as a direct and proximate result of the aforesaid conduct of the Defendant, its agents and servants, Plaintiff has been damaged as aforesaid, both actual and punitive damages, in such amount as a judge and jury may award.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2.     Prejudgment interest, costs and attorneys' fees as may be allowed by law;

3.     Judgment in favor of the Plaintiff and against Defendant for past wages and any other work benefits he lost in an amount to be determined by the trier of fact; and

4.     Judgment against the Defendant for actual damages, punitive damages, legal fees, costs and any other relief this Honorable Court deems just and proper.

Respectfully submitted,

**WIGGER LAW FIRM, INC.**

*s/Emily Hanewicz Tong*
Emily Hanewicz Tong, Esq.
SC Bar No.: 102042
*Attorney for Plaintiff*
8086 Rivers Avenue, Ste A
North Charleston, SC 29406
T: (843) 553-9800
F: (843) 553-1648
E: ehtong@wiggerlawfirm.com

North Charleston, South Carolina
This 15th day of April, 2021.